UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-0333 FMO (ASx) | Date | May 16, 2016 |
| Title | **Amnon Mizrahi, et al. v. State Farm General Insurance Co., et al.** | | |

Present: The Honorable     Fernando M. Olguin, United States District Judge

| Julieta Lozano | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):        Attorney Present for Defendant(s):

None Present        None Present

**Proceedings:**     (In Chambers) Order Re: Pending Motions and Remanding Action

      Having reviewed and considered the briefing filed with respect to plaintiffs' Motion for Leave to Amend the Complaint to Add Two Parties and One Cause of Action ("Motion"), and defendants' Ex Parte Application for Order Extending Time for Filing Opposition to Plaintiffs' Motion for Leave to File First Amended Complaint ("Application"), the court orders as follows.

      Pursuant to 28 U.S.C. § 1447(e), plaintiffs seek leave to amend the complaint to add Ocean West Builders ("Ocean West") and Golden Gate Weather Services ("Golden Gate") as defendants, (see Motion at 8), which they concede would result in the loss of subject matter jurisdiction since Ocean West, like plaintiffs, is a California citizen. (See id. at 8-11). Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). To determine whether to allow amendment under these circumstances, courts generally consider: "(1) whether the party sought to be added would be a necessary party to be joined under Federal Rule of Civil Procedure 19(a); (2) whether the plaintiff would be prejudiced; (3) whether the joinder was timely; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid." Galerie Homeowners Ass'n v. Chartis Property Casualty Co., 2012 WL 3112067, *1 (C.D. Cal. 2012). "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." Cruz v. Bank of New York Mellon, 2012 WL 2838957, *4 (N.D. Cal. 2012).

      Here, while plaintiffs have not shown that Ocean West and Golden Gate are necessary parties under Rule 19(a) or that they would be prejudiced by barring amendment (since the statute of limitations has not yet run), they have made an adequate showing with respect to the remaining factors courts consider in determining whether to allow amendment of the operative complaint. See 28 U.S.C. § 1447(e); Galerie Homeowners Ass'n, 2012 WL 3112067, at *1. There was no delay in seeking amendment, as plaintiffs sought to amend shortly after receiving the claim file during this litigation. (See Motion at 8, 13-14). That claim file disclosed the identity and role of Ocean West and Golden Gate in the denial of plaintiffs' claim. (See id.).

      Further, there is no basis to conclude that plaintiffs' sole purpose in seeking amendment of the Complaint was to defeat subject matter jurisdiction. Indeed, by seeking to file a First Amended Complaint ("FAC"), plaintiffs are doing nothing more than exercising their right to amend

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-0333 FMO (ASx) | Date | **May 16, 2016** |
|---|---|---|---|
| Title | **Amnon Mizrahi, et al. v. State Farm General Insurance Co., et al.** | | |

the complaint "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1); (see Declaration of Evan M. Selik in Support of the Motion for Leave to Amend the Complaint to Add Two Parties and One Cause of Action at Exhibit ("Exh.") 1 ("FAC")). Finally, the intentional interference claim asserted against One West and Golden Gate appears to be valid. (See Motion at 15-18; FAC at ¶¶ 45-50; see, generally, Application, Exh. A, Proposed Opposition to Plaintiffs' Motion for Leave to File First Amended Complaint at 6-13 (failing to address whether claim against Ocean West and Golden Gate seem to be valid)).

In short, the court concludes that plaintiffs' motion to amend should be granted. See Galerie Homeowners Ass'n, 2012 WL 3112067, at *2 (granting motion to amend despite failure to make showing with respect to some factors). Further, this case must be remanded to state court. See id. ("Once a district court joins a non-diverse defendant under § 1447(e), remand becomes mandatory.").

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Defendants' Ex Parte Application for Order Extending Time for Filing Opposition to Plaintiffs' Motion for Leave to File First Amended Complaint **(Document No. 13)** is **granted**. Defendants' Proposed Opposition to Plaintiffs' Motion for Leave to File First Amended Complaint is ordered filed.

2. Plaintiffs' Motion for Leave to Amend the Complaint to Add Two Parties and One Cause of Action **(Document No. 11)** is **granted**. Plaintiffs' Proposed First Amended Complaint is ordered filed.

3. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

4. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | jloz |